IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**NORMAN GILLIS MCDANIEL**                                                                                    **PLAINTIFF**

**v.**                                                                          **CIVIL ACTION NO.: 2:21-cv-20-KS-MTP**

**QUEEN CITY STORAGE**                                                                                   **DEFENDANT**

### REPORT AND RECOMMENDATION

THIS MATTER is before the Court *sua sponte* upon Plaintiff's failure to comply with the Court's Orders [3] [5]. For the reasons set forth below, the undersigned recommends that this matter be dismissed without prejudice.

On February 18, 2021, Plaintiff filed his Complaint [1], along with his Motion for Leave to Proceed *in forma pauperis* [2]. The Court ordered Plaintiff to amend his pleadings to comply with Federal Rule of Civil Procedure 8(a)(1), to provide the basis for jurisdiction,[1] and to provide additional information regarding his *in forma pauperis* application so that the Court could fairly evaluate his financial status. *See* Order [3]. The Court warned Plaintiff that failure to amend his complaint or submit a completed *in forma pauperis* form could result in the dismissal of this matter. *Id*. In response, Plaintiff filed what appears to be a fire report from 2008 and a photograph, neither of which contain the information necessary to amend his claims or determine his financial status.[2] *See* [4].

---

[1] In his Complaint [1], when prompted to name the basis for jurisdiction, Plaintiff wrote only "Building fires[.]"

[2] The clerk entered a note on March 24, 2021, that a duplicate copy of his *in forma pauperis* application was submitted by Plaintiff along with the fire report, but that it was not amended and was missing page 5.

1

On April 8, 2021, the Court entered an Order to Show Cause [5], again advising Plaintiff that additional information is necessary to clarify his claims and the Court's jurisdiction and directing him to fill out another *in forma pauperis* application. For a second time, the Court warned Plaintiff that his failure to submit the required information and the completed form could result in the dismissal of his case. *Id*. Once again, Plaintiff failed to submit the required information as ordered.

Pursuant to Fed. R. Civ. P. 41(b), a trial court has discretionary authority to dismiss an action *sua sponte* for the plaintiff's failure to prosecute or comply with any order of the court. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998).  The power of the courts "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to . . . clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 629-31; *see also Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (discussing trial court's Rule 41(b) discretionary authority).

Despite the two orders, Plaintiff has not fully completed an *in forma pauperis* application, indicated what his claims might be, or identified any basis for this Court to assert its jurisdiction. This matter should be dismissed for Plaintiff's failure to comply with the Court's Orders [3] [5].

## RECOMMENDATION

As Plaintiff has failed to prosecute this action or comply with the orders of the court, the undersigned recommends that this action be DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

**NOTICE OF RIGHT TO OBJECT**

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This the 30th day of April, 2021

s/Michael T. Parker
UNITED STATES MAGISTRATE JUDGE
